**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Deanna Yurczak, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   16 C 2281 |
| Collecto, Inc., a Massachusetts corporation, d/b/a EOS CCA, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Deanna Yurczak, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that the Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Plaintiff and Defendant reside here.

**PARTIES**

3. Plaintiff, Deanna Yurczak ("Yurczak"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to US Asset Management, Inc.

4. Defendant, Collecto, Inc. d/b/a EOS CCA ("EOS"), is a Massachusetts corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because

it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Southern District of Indiana. Defendant EOS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in the State of Illinois. In fact, Defendant EOS was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Yurczak.

5. Defendant EOS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Illinois.

6. Defendant EOS is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Defendant sent Ms. Yurczak form collection letters, dated March 2, 2015 and August 18, 2015, demanding payment of a debt that was allegedly owed to US Asset Management. In addition to the principal balance of $93.86, the Defendant also demanded that Ms. Yurczak pay $16.90 for "Fees/Coll Costs", which amount did not represent the actual cost to collect the debt; rather, it appears to be a flat 16% collection fee. Copies of these collection letters are attached as Group Exhibit C.

8. All of Defendant's collection actions at issue complained of herein occurred within one year of the date of this Complaint.

9. Defendant's collection communications are to be interpreted under the

"unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA --
### False, Deceptive Or Misleading Statements

10. Plaintiff adopts and realleges ¶¶ 1-9.

11. Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

12. Defendant, by attempting to collect a "Fee/Coll Costs", when it has no right to impose a flat 16% fee, made a false, deceptive or misleading statement, in violation of § 1692e of the FDCPA. See, Kojetin v. C U Recovery, 212 F.3d 1318 (8th Cir. 2000); Seeger v. AFNI, 548 F.3d 1107 (7th Cir. 2008); and, Bradley v. Franklin Collection Service, 779 F.3d 606 (11th Cir. 2014).

13. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

14. Plaintiff adopts and realleges ¶¶ 1-9.

15. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, including the collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement

creating the debt or permitted by law, <u>see</u>, 15 U.S.C. § 1692f(1).

16. Defendant, by attempting to collect a flat 16% "Fee/Coll Costs", when it had no right to do so, used unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA. <u>See</u>, <u>Kojetin</u>, 212 F.3d 1318; <u>Seeger</u>, 548 F.3d 1107; and, <u>Bradley</u>, 779 F.3d 606.

17. Defendant's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Deanna Yurczak, prays that this Court:

1. Certify this action as a class action;

2. Declare that Defendant's collection practices violate the FDCPA;

3. Enter judgment in favor of Plaintiff Yurczak and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

4. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Deanna Yurczak demands trial by jury.

Deanna Yurczak,

By: <u>/s/ David J. Philipps</u>
One of Plaintiff's Attorneys

Dated: February 16, 2016

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com